406 So.2d 1355 (1981)
STATE of Louisiana
v.
Kenneth Wayne NIX.
No. 81-K-2371.
Supreme Court of Louisiana.
December 4, 1981.
*1356 Claude R. Sledge, Public Defender, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Herman L. Lawson, Asst. Dist. Attys., for plaintiff-respondent.
PER CURIAM.
Kenneth Wayne Nix was charged by bill of information with resisting an officer in violation of La.R.S. 14:108. Following a bench trial conducted on August 19, 1981, defendant was convicted, fined $250, and sentenced to three months' confinement in the parish prison. We granted writs to review defendant's contention that the facts of this case did not support the trial court's finding of guilt of the offense of resisting an officer. Finding merit in this contention, we reverse.
Evidence adduced at trial disclosed the following facts. On the evening of June 10, 1981, DeSoto Parish Sheriff's Deputy Charlie Frazer went to the home of Mrs. Helen Nance to investigate a report of a domestic disturbance. Upon arrival at the residence, Frazer found defendant outside speaking to Mrs. Nance through the back door. Pursuant to Frazer's request, defendant stepped aside and permitted the deputy to approach the door alone. In talking with Mrs. Nance, Frazer learned that defendant and her daughter were divorced and that defendant had been placed under a peace bond to prevent his continued intrusions upon their household. See, La.C.Cr.P. Article 26, et seq. At trial, Mrs. Nance explained that defendant had come to apologize to her, but that he had lapsed into foul language, accusing her of interfering in his marriage and causing the divorce.
To investigate these allegations, Frazer advised defendant that "the best thing for all the people involved was for him to go with the officer so that they could talk about the situation away from Mrs. Nance's residence." To this end, Frazer suggested that defendant drive to the Mansfield Sheriff's Office for questioning. In route, defendant stopped his vehicle and stated that he needed to go to Logansport to get some gas. Frazer refused this request and directed defendant to go to the Logansport Police Department instead. As the two vehicles neared the station, however, defendant accelerated and quickly crossed the Texas border. Frazer summoned assistance from a Texas constable and the pair successfully apprehended the defendant one-half mile from the state line. They then talked defendant into driving back into Louisiana, where he was formally arrested and charged with disturbing the peace and resisting an officer.
La.R.S. 14:108 provides, in pertinent part:
"Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase `obstruction of' as used herein shall, in addition to its common meaning, signification and connotation mean:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
Jurisprudence construing this enactment has repeatedly rejected the motion that interference with an officer's investigation is sufficient to establish the offense of resisting an officer. State v. Lindsay, 388 So.2d 781 (La.1980); State v. Grogan, 373 So.2d 1300 (La.1979); State v. Huguet, 369 So.2d 1331 (La.1979). Rather, this Court has interpreted R.S. 14:108 as prohibiting conduct which obstructs officers "acting in their official capacity, while attempting to seize property, serve process or arrest...." State v. Huguet, supra, 369 So.2d at 1335. If the officer is not engaged in attempting any one of those three things, *1357 then a defendant who flees from him cannot be considered guilty of resisting an officer.
In the instant case, the trial judge concluded that Deputy Frazer, by ordering the defendant to drive to the police station in Logansport, had restricted his freedom of movement and hence, placed the defendant under arrest. This determination ignores Frazer's express testimony, to the contrary as well as the statute's requirement that the arresting officer inform the defendant of his intention to arrest. Essential to a conviction under La.R.S. 14:108(a) is the defendant's knowledge of his arrest or impending detention. Here, the deputy not only failed to convey this intention to the defendant, but he also expressly admitted that defendant had not been arrested and was only to be detained for questioning. Because this admission defeated any basis for the alleged violation of La.R.S. 14:108, defendant's conviction of resisting an officer must be reversed.
LEMMON, J., dissents with reasons.
LEMMON, Justice, dissenting.
The officer had probable cause to arrest defendant for disturbing the peace. However the officer did not arrest defendant, but merely requested that they go to the sheriff's office to discuss the situation away from Mrs. Nance's residence. When defendant later picked up speed and headed for the state line two blocks away, the officer turned on his lights and sounded his siren, but defendant continued ahead and crossed the line.
The flashing lights and wailing siren notified defendant that the officer was seeking to arrest him. His continued flight violated R.S. 14:108(a).[1]
The conviction should be affirmed.
NOTES
[1] Defendant's conduct would clearly constitute a violation of R.S. 14:108.1, which was adopted after this incident by Acts 1981, No. 307.