WATSON, Justice.
Defendant, Ronald Hawkins, was convicted of resisting arrest in violation of LSA-R.S. 14:108 and sentenced to six months in parish prison. He has appealed his conviction and sentence, assigning two errors by the trial court.
FACTS
Around 3:30 P.M., on May 22, 1981, Shreveport Officers Milton Lanier and Carolyn Gray were on patrol in a marked police car when they observed a car run . a red light. The car was occupied by three black males and had expired license tags. After the car was stopped, Ronald Hawkins, the owner, got out of the right front seat and approached Lanier with his driver’s license. Lanier instructed Hawkins to get back in the car because he did not want to talk to him, and Hawkins complied. Lanier asked the driver, Anthony Henry, for his driver’s license. When Lanier walked back to the rear of the car to obtain the license plate number, Henry speeded away, made a left turn across three lanes of traffic to a parking lot, jumped out of the car and fled on foot. While the officers gave chase to Henry, Hawkins slid over to the driver’s side of his car and drove off in the opposite direction.[1] Lanier had recognized Henry as a *1156 burglary suspect for whom he had a warrant. He had intended to arrest both Henry and Hawkins and impound the vehicle, but admitted Hawkins had not done anything. Hawkins, as well as Henry, eluded the officers, although other police cars were asked to find the automobile.
Several days later, while passing the home address of Henry, Lanier observed Hawkins’ automobile. When Lanier stopped to examine the car, Hawkins came out of the house. Lanier placed him under arrest, charging him with being an accessory for aiding Henry in escaping arrest. Hawkins later was charged with the lesser charge of resisting arrest.
Defendant’s assignments of error contend that the state failed to prove beyond a reasonable doubt every element of the crime charged. LSA-R.S. 14:108 provides:
“Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
“The phrase ‘obstruction of’ as used herein shall, in addition to its common meaning, signification and connotation mean: “(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
“(b) Any violence toward' or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
“(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
“(d) Congregates with others on a public street and refuses to move on when ordered by the officer.
“Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.”
The issue is whether Hawkins intentionally obstructed the officers’ attempted arrest of Henry.
In State v. Grogan, 373 So.2d 1300 (La., 1979) the defendant was asked to go to the police station for questioning. When defendant ran away, he was chased, caught and arrested for resisting an officer. “Clearly, they were not seeking to arrest defendant at this time; nor were they attempting to seize any property from or serve process upon defendant. Thus, the police officers wrongfully placed defendant under arrest for violation of LSA-R.S. 14:108, resisting an officer.” State v. Grogan, 373 So.2d at 1302.
Flight alone amounts to obstruction of an officer only after the officer gives notice of his intention to make an arrest. State v. Nix, 406 So.2d 1355 (La., 1981). At the time he drove away, Ronald Hawkins had not been notified that he was subject to arrest. The officers did not have probable cause to arrest him because he had committed no crime. Henry, not Hawkins, allegedly ran the red light. Although Hawkins owned the car, owning an automobile with expired license tags is not a crime. Lanier even told Hawkins he did not want to speak to him. Ronald Hawkins did not block or impede the officers. He merely drove away in a different direction after the wanted man, Anthony Henry, fled on foot.
After being told he was not even wanted for questioning, Hawkins left the scene. This is not sufficient to constitute resisting an officer.
For the foregoing reasons, the conviction and sentence are reversed.
REVERSED.
DENNIS, J., concurs with reasons,

. Lanier said at one point that he had first started toward the car, but the testimony as a *1156 whole indicates both officers immediately chased Henry.