454 So.2d 282 (1984)
STATE of Louisiana
v.
Roray JENKINS.
No. KA-1742.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
Writ Granted October 12, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *283 Dist. Atty., Susan Scott Hunt, E. Sue Bernie, Asst. Dist. Attys., New Orleans, for appellee.
Joseph Meyer, Jr., New Orleans, for appellant.
Before GULOTTA, SCHOTT and WILLIAMS, JJ.
GULOTTA, Judge.
Defendant, found guilty of manslaughter while resisting arrest in violation of LSA-R.S. 14:31, appeals from the denial of his motion for a post verdict judgment of acquittal and the imposition of an eighteen year sentence with credit for time served.[1] We affirm.
On March 24, 1983, two uniformed NOPD officers in a marked car observed an automobile driven by defendant Roray Jenkins disregard a stop sign at the intersection of Congress and North Dorgenois Streets. The officers pursued defendant's car until it stopped approximately one block away. Officer Lloyd Clark approached defendant's vehicle, whereupon defendant fled in his car down Independence Street.
In the ensuing chase, defendant disregarded another stop sign and struck broadside a car moving on the right of way street. A 24 year old passenger in this car died as a result of injuries received in the collision with defendant's car. After the accident, defendant was apprehended by the officers while he was attempting to flee on foot from the accident scene.

EVIDENCE
Defendant contends the trial judge erred in denying his motion for a post verdict judgment of acquittal because the evidence, viewed in a light most favorable to the State, did not permit a finding of guilty. See La.C.Cr.P. Art. 821; State v. Vaughn, 378 So.2d 905 (La.1979).
According to defendant, the State failed to show any evidence that defendant had resisted a lawful arrest, an essential element of manslaughter as defined in LSA-R.S. 14:31(2)(b), because the officers testified they had initially stopped defendant's car intending only to issue a summons for disregarding the stop sign.
The denial of a post verdict judgment of acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. See State v. Vaughn, supra and State v. Hargrave, 411 So.2d 1058 (La. 1982).
LSA-R.S. 14:31, under which defendant was convicted provides:
"Manslaughter is: ... (2) A homicide committed, without any intent to cause death or great bodily harm...
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder....
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years."
The question presented in this appeal is whether the homicide was committed while defendant was resisting lawful arrest at the time of the homicide.
"Resisting an officer" is defined in LSA-R.S. 14:108 as:
"... the intentional opposition or resistence to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity."
*284 Officer Clark testified he had intended to issue a summons and had not intended to arrest defendant before he attempted to flee. Officer John Evans, the second police officer, likewise testified he would not arrest a person for going through a stop sign.
Nonetheless, it is significant that defendant intentionally attempted to obstruct the officers from acting in their official capacity by trying to flee. Defendant's flight from the scene altered a situation from the mere giving of a traffic violation citation to one justifying defendant's arrest for resisting the officers in violation of LSA-R.S. 14:108. Furthermore, the attempt to flee on foot after the accident was likewise in resistence and obstruction of the officers who were acting in their official capacity. This running from the scene further justified defendant's arrest in the totality of circumstances involving the homicide.
We recognize, as pointed out by defendant, that apprehension and restraint have been held to be a form of detention short of a purposeful arrest[2] and that the issuance of a summons for a speeding violation has been held not to constitute an arrest justifying a search incident to a lawful arrest.[3] Nonetheless, in the instant case, in the act of fleeing from the officers' attempt to issue him a summons defendant subjected himself to lawful arrest for violating LSA-R.S. 14:108. He committed a homicide in the course of that flight, first in a car and later on foot. These circumstances differ markedly from those in the cases cited by defendant.
Heavy reliance is also placed by defendant on State v. Nix, 406 So.2d 1355, 1356 (La.1981) to support a conclusion that the homicide did not occur while he was resisting arrest. In Nix, during an investigation of a domestic dispute, the defendant at first voluntarily accompanied the officers to the police station for questioning but then attempted to flee in his own car. Concluding that the defendant had not been placed under arrest, the Supreme Court rejected the notion that interference with an officer's investigation is sufficient to establish the offense of resisting an officer. In language pertinent to our case, the Nix court clearly set forth criteria necessary to constitute resisting arrest, and held that where the officer is not engaged in attempting to either seize property, serve process or effect an arrest, a fleeing defendant cannot be considered guilty of resisting an officer.
Our case is clearly distinguishable from Nix. In the instant case, the initial stop was for the purpose of issuing a traffic citation (one of the Nix prerequisites to resisting arrest). Moreover, defendant's flight from the scene by car resulting in a homicide and his further attempted flight on foot after the accident constituted an intentional obstruction of the officers' duty after defendant had knowledge the officers were acting in their capacity in attempting to issue a summons. See State v. Hawkins, 422 So.2d 1155 (La.1982); State v. Freeman, 411 So.2d 1068 (La.1982).
Under the circumstances, we conclude the trial judge did not err when he denied defendant's motion for a post verdict judgment of acquittal.

SENTENCE
Defendant further contends the trial judge erred by imposing an unconstitutionally excessive sentence in violation of La. Const. Art. 1, Section 20, which prohibits "cruel, excessive or unusual punishment".
The trial judge's reasons in imposing sentence as required by La.C.Cr.P. Art. 894.1 are an important aid in determining whether a sentence complained of is excessive. Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Smith, 437 So.2d 252 (La.1983).
*285 Defendant was sentenced to eighteen years in the Department of Corrections with credit for time served for manslaughter under LSA-R.S. 14:31, which provides for a maximum sentence of twenty-one years at hard labor.
In his oral reasons at the sentencing hearing, the trial judge stated:
"I have reviewed this case, involving a chase on the scene. There has been substantial talk between your attorney and I, in regard to sentencing, and I cannot give you life time on this case. The totality of the situation, plus your record, makes me give you on the high side.... The sentence of this Court is to sentence the defendant to eighteen years in the Department of Corrections, credit for time served."
In response to defense counsel's question whether defendant's one year sentence for possession of stolen property was to run concurrently with defendant's sentence for manslaughter, the trial judge responded: "It's concurrent with the other time. One of the bearing factors here is that you have a previous armed robbery, sir, in your other record."
The sentencing judge need not articulate every factor mentioned in La.C. Cr.P. Art. 894.1, but the record must show he adequately considered the guidelines. State v. Straughter, 406 So.2d 221 (La. 1981). Where the record, as in the instant case, clearly shows an adequate factual basis for the sentence imposed, it cannot be said that remand is necessary, even where there has not been full compliance with La.C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). In our case, the trial judge apparently took into consideration the circumstances of the two chases, one at high speed, the two attempts by defendant to flee from the officers, and the victim's death. Given the nature of this offense, the factual circumstances and the criminal propensity of defendant, we do not find the 18 year sentence severe on its face or unconstitutionally excessive.
Having so concluded, we affirm the verdict and sentence.
AFFIRMED.
NOTES
[1] After defendant entered a plea of guilty for possession of stolen property at the sentencing hearing on defendant's conviction of manslaughter, the trial judge then imposed on defendant a one year sentence for possession of stolen property to run concurrently with the eighteen year sentence for manslaughter.
[2] State v. Aguillard, 357 So.2d 535 (La.1978).
[3] State v. Breaux, 329 So.2d 696 (La.1976).