645 So.2d 722 (1994)
Fred MELANCON, et ux., Plaintiffs-Appellants,
v.
Otto TRAHAN, et al., Defendants-Appellees,
City of Kaplan, Intervenor-Appellant.
No. 94-26.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
Rehearing Denied December 14, 1994.
*723 Joseph Frazer Gaar Jr., Lafayette, for Fred Melancon et ux.
Kraig Thomas Strenge, Lafayette, for Otto Trahan et al.
John Fayne Wilkes III, Lafayette, for City of Kaplan.
Wade Anthony Mouton, Kaplan, for Kenneth Clark.
Before GUIDRY, C.J., and YELVERTON and PETERS, JJ.
GUIDRY, Chief Judge.
This personal injury suit arises from an August 24, 1991 altercation between plaintiff, Fred Melancon, then a police officer employed by the city of Kaplan (Kaplan), and defendant, Otto Trahan. Melancon and his wife, Janell, sued Trahan and his father's homeowner's insurer, Audubon Insurance Company (Audubon), alleging that he was injured as a result of Trahan's physical resistance to arrest. Kaplan intervened in the suit to recover worker's compensation indemnity benefits, medical expenses, and mileage reimbursement paid to or on behalf of Melancon. Prior to trial, the parties stipulated that the total amount of Kaplan's claim was $22,213.75, consisting of $17,267.72 in indemnity benefits and $4,946.03 in medical expenses and mileage reimbursement.
Trial was held on May 5, 1993. However, it was abruptly terminated when the court granted defendants' motion for mistrial because of Melancon's testimony concerning Trahan's prior arrests. Thereafter, defendants filed a motion for summary judgment contending that, because Melancon's arrest of Trahan was unlawful, Trahan lawfully resisted the arrest and owed no duty to Melancon. The trial court agreed and granted *724 summary judgment in favor of Trahan and Audubon and dismissed the Melancons' claims with prejudice.
Plaintiffs and intervenor appeal from this summary judgment. Finding no material issues of fact in dispute, we affirm.

FACTS
The procedural posture of this case is unique in that defendants' motion for summary judgment was filed after testimony and evidence were adduced at the first trial on the merits which ended in a mistrial. The record before us on appeal contains Melancon's testimony from that trial up to the point at which the mistrial was declared. The record also contains seven pages excerpted from Melancon's deposition, four pages excerpted from Trahan's deposition, and the arrest report. From that record, we discern the following facts.
During the evening of August 24, 1991, Melancon and his partner, Chris Gaspard, were assigned patrol duties in Kaplan. The two officers were under orders from the police chief to clear the streets of people because of race riots which occurred the previous night and persistent rumors that armed youths from Abbeville were coming into the Kaplan area. Apparently, the police department was on the alert for further trouble. While walking along the sidewalk abutting Cushing Street (which is commonly known as Main Street), the officers noticed a small group of people congregating on the sidewalk in front of Lefty's Bar. Melancon and Gaspard approached the small group and requested that they either go into the bar or leave the area. What occurred following this initial confrontation is the subject of a factual dispute.
Melancon testified that everyone in the group cooperated with the officers except defendant Trahan, Brent Boutte and Wade Trahan. According to Melancon, the three men refused to move on and said that they did not have to go anywhere. The defendant became loud and obnoxious in his protestations. After warning Trahan "half a dozen times" to move on, Melancon told him that he was under arrest. When Melancon moved to grab Trahan's arm, Trahan pushed him against the building. Melancon's backside, from his head to his buttocks, hit flat against the wall of the building. Thereafter, Trahan was forcibly restrained by Gaspard and arrested. Boutte was also arrested and both men were brought to the police station. They were released the next day.
On cross-examination, Melancon stated that he fell back two and one-half feet against the wall when struck by Trahan's right arm. Trahan was charged with refusing to move on after being told by officers to do so. According to Melancon, he understood La.R.S. 14:108, resisting an officer, as giving him the authority to approach someone on a public street, tell the person to move on, and then arrest the person for not complying with his order. Additionally, Melancon conceded that he did not read Trahan's rights to him in connection with the arrest "because I did not question him". The arrest report completed by Melancon lists the offense committed by Trahan as "Refusing to move on when told to by officers".
Trahan's deposition-excerpted testimony in the record presents a completely different factual scenario. In pertinent part, Trahan was questioned and responded as follows:
Q. So, you did not put up a fight with him?
A. No, sir.
* * * * * *
Q. What did you do?
A. He had me by the arm while he was telling me I was under arrest, so I moved my arm away, and as I moved my arm away to say, you know, "Why was I being arrested," Chris Gaspard, a cop that was with them came from the back and pushed me onto the bar of Lefty's and handcuffed me, put me in the car and then I went to the station.
Q. So, it is your testimony today that you were not resisting arrest?
A. No, sir.
Q. That you were not flailing your arms and jerking around and
A. I wasn't jerking around.
Q.kicking and pushing?

*725 A. No, sir, I just moved my arm away from him. He had me by the arm, pulled my arm away from him is all I did. I didn't push him or anything, hit him or nothing like that.
Clearly, Trahan denies resisting the officers after being informed that he was under arrest. However, none of Trahan's testimony, concerning his responses to the officers' advising him to move on, is included in the record.

OPINION
Summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". La.C.C.P. art. 966(B). The trial court must first determine whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. If not, summary judgment must be denied in favor of a trial on the merits. A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. In other words, material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989); South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3rd Cir.1991), writ denied, 596 So.2d 211 (La.1992).
To satisfy his burden, the mover must show that it is quite clear what the truth is and that no real doubt remains as to the existence of any genuine issue of material fact. The court must closely scrutinize the papers supporting the mover's position, while the opposing papers are to be indulgently treated. If the mover's supporting documents are sufficient to resolve all material fact issues, then the burden shifts to the opposing party to present evidence that material facts are still at issue. At this point, the opponent may no longer rest on the allegations and denials contained in his pleadings. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981); Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3rd Cir.1992).
Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is summary judgment warranted. Any doubt is to be resolved in favor of a trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La. 1981).
The trial court concluded that the arrest was unlawful and Trahan was justified in resisting the officers. Because of this, the court rendered summary judgment in favor of Trahan and Audubon. The issues presented on appeal are, (1) whether the arrest was lawful; and, if not, (2) were all material facts concerning Trahan's resistance undisputed so as to warrant summary judgment.
La.R.S. 14:108 provides, in pertinent part, as follows:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregation with others on a public street and refusal to move on when ordered by the officer.
*726 (Emphasis ours)
This statute prohibits conduct which obstructs officers acting in their official capacity while attempting to seize property, serve lawful process or make a lawful arrest. State v. Nix, 406 So.2d 1355 (La.1981); State v. Huguet, 369 So.2d 1331 (La.1979). Interference with an officer's investigation is insufficient to establish the offense. Nix, supra, at 1356. Likewise, La.R.S. 14:108(B)(1)(d) does not make the refusal to move when ordered by police a crime unless it obstructs police in their official duties in making a lawful arrest, seizure, or service of process. Huguet, supra, at 1333.
Melancon conceded in his testimony that he was not in the process of arresting, seizing, or serving process when he ordered or advised Trahan and his friends to move on. Because no one of these necessary predicate police activities was established, the arrest was not lawful under La.R.S. 14:108.
Alternatively, appellants urge that the arrest was lawful pursuant to La.R.S. 14:63.3, which provides, in pertinent part:
A. No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure, watercraft, or any other movable, or immovable property, which belongs to another, including public buildings and structures, ferries, and bridges, or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing, including by means of any sign hereinafter described, by any owner, lessee, or custodian of the property or by any other authorized person. For the purposes of this Section, the above mentioned sign means a sign or signs posted on or in the structure, watercraft, or any other movable, or immovable property, including public buildings and structures, ferries and bridges, or part, portion or area thereof, at a place or places where such sign or signs may be reasonably expected to be seen.
This statute is found in Section Four (Criminal Trespass) of Part III (Offenses Against Property), Subpart A (By Violence to Buildings and Other Property) of the Criminal Code. The limited jurisprudence interpreting R.S. 14:63.3 requires that the alleged offender be given a reasonably contemporaneous request to leave. A request qualifies as "reasonably contemporaneous if given a few hours prior to the arrest, the same day as the arrest or such other pre-arrest interval reasonable under the facts and circumstances of each particular case". State in the Interest of J.A.V., 558 So.2d 214, 215 (La.1990); State v. Johnson, 381 So.2d 498, 500 (La.1980).
Appellants argue that this statute applies to public sidewalks and streets, although same are not specifically mentioned therein, and that defendant's refusal to move on, after being told to do so, constitutes a violation thereof which made him subject to lawful arrest. We disagree.
It is well settled that criminal statutes are strictly construed in favor of the accused and must not be extended by analogy or implication to cover acts not expressly proscribed by such statutes. See La.R.S. 14:3; State v. Gonzales, 241 La. 619, 129 So.2d 796 (1961); State In the Interest of Ogletree, 244 So.2d 288 (La.App. 4th Cir. 1971). Appellants' proffered reading of this statute impermissibly extends the scope of its application to a situation not contemplated by the legislature. Trahan and his friends were standing on a public sidewalk when they were approached by Officers Melancon and Gaspard. Prior to this moment, they had not been forbidden to stand on the public sidewalk. Melancon then advised the group to move on and, in response, Trahan refused to do so. While the statute is broadly worded to empower "... any owner, lessee, or custodian of the property or ... any other authorized person" to orally or in writing forbid the going into or remaining in or upon certain enumerated property, we conclude that the statute does not prohibit standing on a public sidewalk. Clearly, the statute proscribes a form of trespass, an offense against property, which is not violated by a private citizen's initial refusal to abide by a police officer's orders to leave a public space. It cannot be said that, after Melancon ordered Trahan to move on, Trahan was from that point forward trespassing on the public sidewalk, *727 in violation of La.R.S. 14:63.3. Additionally, the offense charged, as written on the police report, makes no reference to a violation of this statute. For these reasons, the arrest was also unlawful if made pursuant to R.S. 14:63.3.[1] We conclude that, under the statutes proposed by appellants as applicable to this case, the trial court correctly determined that Trahan's arrest was unlawful and there are no facts in dispute which are material to this finding.
We next consider the decisive issue of whether all material facts concerning the extent of Trahan's resistance are undisputed so as to entitle Trahan and Audubon to summary judgment.
Every person has a right to resist an unlawful arrest. In preventing such an illegal restraint of liberty, a person may use only such force as may be necessary under the circumstances. White v. Morris, 345 So.2d 461 (La.1977); City of Monroe v. Ducas, 203 La. 971, 14 So.2d 781 (1943). In the present case, this issue is subject to factual dispute and plaintiff contends this factual dispute precludes summary judgment. Melancon stated that Trahan repeatedly refused to obey his orders to move on and, when told he was under arrest and physically detained, Trahan pulled his arm from Melancon's grasp and pushed him some 2 to 2½ feet against a brick wall. As a result of this push, Melancon allegedly suffered injuries to his head, neck and back. Trahan, on the other hand, denied pushing or hitting Melancon and stated that he only moved his arm away from Melancon.
In White v. Morris, supra, the defendant Morris refused to produce identification when asked to do so by Deputy White. The deputy grabbed his arm and then Morris jerked away. Another deputy then assisted in pinning Morris against the trunk of a car, but Morris broke free again. White approached him, and Morris warned him to stay back. Morris then punched White in the face with a single blow which knocked him to the ground. White suffered a broken jaw. The Supreme Court held that, under the circumstances, Morris used only so much force as necessary to repel the deputy's aggression in attempting to make an unlawful arrest. In the case sub judice, viewing the evidence in a light most favorable to the non-movers (that Trahan pulled his arm away and pushed Melancon) and in light of White v. Morris, we conclude that the extent of Trahan's resistance was reasonable under the circumstances. While the extent of Trahan's resistance is the subject of a factual dispute, it is not material inasmuch as, accepting Melancon's version as true, Trahan's resistance was reasonable.
For these reasons, summary judgment was properly granted and is affirmed. Appellants, Fred and Janell Melancon and the city of Kaplan, are to pay all costs of these proceedings.
AFFIRMED.
NOTES
[1] Appellants also argue that the arrest was lawful pursuant to Section 7-67 of the Kaplan City Code. This section tracks the wording of La.R.S. 14:63.3, with the exception that the words "or immovable property" have been deleted either by oversight or purposefully. In any event, for the same reasons stated in this portion of the opinion, the arrest was unlawful under Section 7-67 of the Kaplan City Code.