701 So.2d 685 (1997)
STATE of Louisiana
v.
Michael DAIGLE, DefendantAppellant.
No. 95-1260.
Court of Appeal of Louisiana, Third Circuit.
June 11, 1997.
Morgan J. Goudeau, III, Opelousas, Howard C. Dejean, Asst. Dist. Atty., for State.
Michael Daigle, New Orleans, pro se.
George Stubbs Bourgeois, Jr., David Randal Wagley, Opelousas, for Michael Daigle.
Before COOKS, WOODARD and AMY, JJ.
COOKS, Judge.
The defendant, Michael Daigle, appeals his conviction for resisting an officer in violation of La.R.S. 14:108. For the following reasons, we reverse defendant's conviction.

FACTS
On March 16, 1995, Deputy Roland Rivette of the St. Landry Parish Sheriff's Department entered a praline store located in Opelousas to serve a civil summons on Carol Bertrand. The store was owned by the defendant, Michael Daigle. On his initial visit to the store, Deputy Rivette did not identify himself as a police officer. He simply asked defendant if he had seen Ms. Bertrand. He was informed Ms. Bertrand was not there, but would return later.
Later that day, Deputy Rivette visited the store again. He testified, as he approached the store, he saw Ms. Bertrand (through the store window) run into the back kitchen area. At this point, Deputy Rivette testified he attempted to enter the back kitchen area to serve Ms. Bertrand. According to Deputy Rivette, the defendant "came between me and the kitchen area and he wanted to know who I was." After identifying himself and explaining he was there to serve papers on Ms. Bertrand, Deputy Rivette testified defendant became hostile and denied that Ms. Bertrand was on the premises. Defendant then indicated he "was going to call the police." At this point, defendant exited the store and handed his neighbor a quarter to call the police.
Although Deputy Rivette was alone in the store, he did not attempt to serve Ms. Bertrand by entering the kitchen area. Instead, the Deputy stated he was not sure "he had the right to go and confront this woman." Eventually, Officer Bruce Alsandor, of the Opelousas Police Department, arrived on the scene. Defendant went outside and talked to Officer Alsandor. Deputy Rivette spoke with the officer when he entered the store and *686 told him defendant was interfering with his attempt to serve papers. Deputy Rivette borrowed Officer Alsandor's handcuffs and arrested the defendant, who did not resist arrest. Deputy Rivette proceeded to the back area of the store and served Ms. Bertrand, who was standing by a refrigerator. Ms. Bertrand testified, earlier during the day, she stopped by defendant's store; but, she noticed he was busy making pralines, so she went down the street to take care of other business. She stated, on the way back to the store, she noticed a police car outside the premises so she decided to enter the store from the rear. Upon observing "a big to-do going on," she decided to wait in the back of the building. According to Ms. Bertrand, she did not realize Deputy Rivette was inside the store until he served her the papers only minutes after she entered the back of the store.

RELEVANT PROCEDURAL EVENTS
Defendant was subsequently convicted and sentenced for resisting an officer in violation of La.R.S. 14:108. The defendant originally filed a writ application, in proper person, seeking review of his conviction. This court denied defendant's writ application. State v. Daigle, 95-1260 (La.App. 3 Cir. 10/24/95). Defendant then applied for writs with the Louisiana Supreme Court which remanded the case to this court for briefing, argument, and opinion. State v. Daigle, 95-2831 (La.3/22/96); 669 So.2d 1229.
This court then ordered the case remanded to the district court for an evidentiary hearing to determine whether the defendant intelligently and voluntarily waived his right to counsel on appeal. If he desired counsel, the district court was instructed to assess the indigency status of defendant and appoint counsel if appropriate. Two attorneys were appointed by the district court to represent defendant during this appeal process.

ERRORS ASSIGNED
In his original pro se appellate brief, defendant asserted the following single assignment of error: "The trial court erred in failing to recognize that a citizen can resist an unlawful arrest and search without being convicted of resisting an officer." Following remand by the Supreme Court, defendant filed another pro se brief, received April 12, 1996, in which he assigned the following additional errors: 1) the trial court erred by adding a felony charge during the bond hearing; 2) the trial court erred in failing to recognize that La. Code Civ.P. art. 1752 must be strictly followed; 3) the trial court failed to recognize that Judge Morrow recused himself from the trial and, therefore, his "order" for Deputy Rivette to deliver the notice of trial was invalid; 4) the trial court erred in failing to recognize the law regarding proper process and the deputy's service of that process; 5) the trial court erred in failing to recognize that a citizen can resist an unlawful arrest and search; and 6) the trial court erred in failing to protect the defendant's constitutional rights by refusing to demand that local rules be followed in order for the defendant's attorney to dismiss himself from the case. Defendant's appointed attorneys filed a supplemental brief realleging the previous pro se assignments and further asserted the following as error: The trial court erred in convicting the defendant of violating La.R.S. 14:108 for refusing the deputy onto his premises as the deputy had neither an arrest nor a search warrant entitling him to enter the premises.

ANALYSIS
Defendant attacks the sufficiency of the evidence submitted by the State to support his conviction for resisting an officer. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982); State v. Moody, 393 So.2d 1212 (La. 1981). It is the role of the fact-finder to weigh the respective credibility of the witness, and therefore the appellate court should not second-guess the credibility determination *687 of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559. In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
Defendant was arrested for resisting an officer. La.R.S. 14:108 provides in pertinent part:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
d) Congregation with others on a public street and refusal to move on when ordered by the officer.
Conflicting testimony was presented regarding Ms. Bertrand's physical presence in the store when Deputy Rivette returned. Deputy Rivette testified he saw Ms. Bertrand run into the kitchen area as he approached the store. Both defendant and Ms. Bertrand denied she was present at the time Deputy Rivette entered the store. The trial court found defendant's and Ms. Bertrand's stories were fabricated and concluded Deputy Rivette's version of the incident was more credible. The trial court concluded defendant violated La.R.S. 14:108 when he lied to Deputy Rivette about Ms. Bertrand's presence in the rear of the store. However, the lie which the trial court found defendant told the officer (when first approached) did not interfere with or obstruct him, in actual consequence, from serving Ms. Bertrand. Defendant left the store on two occasions: Once to ask his neighbor to call the police; and, again, to meet Officer Alsandor when he arrived. On each occasion, defendant did not obstruct or otherwise interfere with the deputy's efforts to serve Ms. Bertrand. Deputy Rivette could have proceeded to the rear of the store and served Ms. Bertrand if she was present. However, Deputy Rivette did not do so. He gave the following testimony explaining why he remained in the front of the store:
Q: Okay, and at that time if you had a right to, you had an opportunity to go
A:I could have gone in the back, but I wasn't sure of mywhether I had the right to go and confront this woman. That's why I waited.

Deputy Rivette also testified he did not proceed to the back of the store because he thought he "would have probably had to fight with him, I guess." However, defendant did not vocalize any threats to the deputy. The most provocative statement the Deputy related defendant made to him was "he was going to call the police."
La.R.S. 14:108(B)(1)(d) does not criminalize the refusal to move or facial displays of hostility when approached by a law enforcement officer unless he is actually obstructed or interfered with in performing his official duties in attempting to effect a lawful arrest, seizure, or service of process. State v. Huguet, 369 So.2d 1331 (La.1979); Melancon v. Trahan, 94-26 (La.App. 3 Cir. 10/5/94); 645 So.2d 722, writ denied, 95-87 (La.3/10/95); 650 So.2d 1183. Deputy Rivette did not testify that he ordered defendant to move out of his way. When questioned regarding the events which transpired after defendant moved between him and the kitchen, Deputy Rivette stated:
Q: And at one point you said you figured that you would have to tussle with him to *688 get past him. He didn't tell you that or make any move
A: The attitude he gave me, Randy, was if I went in the back of that counter, I'd have had to fight him. That's the attitude I got. That's the feeling I got.

We cannot find defendant intentionally interfered with or obstructed the officer because of his "attitude" or Deputy Rivette's "feeling" that defendant would physically attempt to stop him from going into the back area of the store. Defendant did not take any actual steps in furtherance of obstructing or interfering with Deputy Rivette's attempt to serve Ms. Bertrand after he identified himself as a law enforcement officer. Proof, beyond a reasonable doubt, that defendant acted in such a manner is essential in this instance to convict him. Even when considering the evidence in the light most favorable to the prosecution, we cannot say the evidence in the record was sufficient to establish all the elements of the charged offense.
Defendant also contends Deputy Rivette had no right to proceed into the back of his store. He correctly notes we have said a citizen has the right to resist an unlawful arrest. Melancon v. Trahan, 94-26 (La.App. 3 Cir. 10/5/94); 645 So.2d 722, writ denied, 95-87 (La.3/10/95); 650 So.2d 1183. A citizen's right of privacy is protected by Article 1, § 5 of the Louisiana Constitution, which provides:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
However, Article 1, § 5 protects only a citizen's reasonable expectation of privacy. State v. Harrington, 430 So.2d 394 (La.App. 3 Cir.), writ denied, 435 So.2d 433 (La.1983). La.Code Civ.P. art. 122 provides "[p]ersonal service may be made anywhere the officer making the service may lawfully go to reach the person to be served."
Whether Deputy Rivette's entry into the kitchen area of defendant's store, without securing his consent, would have breached his protected expectational right of privacy presents a more troublesome question which we need not address at this time. As discussed, we find the state did not present sufficient evidence to establish that defendant committed the charged offense.

DECREE
For the foregoing reasons, the defendant's conviction for resisting an officer in violation of La.R.S. 14:108 is reversed.
REVERSED.
WOODARD, J., concurs in the result.
AMY, J., dissents.