783 So.2d 1243 (2001)
STATE of Louisiana
v.
Joseph PATTERSON.
No. 2000-K-1212.
Supreme Court of Louisiana.
March 28, 2001.
PER CURIAM:
Granted. The decision of the court of appeal is reversed, the trial court's ruling which denied respondent's motion to suppress is reinstated, and this case is remanded to the district court for further proceedings. It appears from the testimony at the suppression hearing that Officer Stamp detained respondent on the basis of respondent's intoxicated condition and his repeated refusal to move away while the officers secured two persons they had just arrested. Respondent's conduct interfered with the arrests and constituted a violation of La.R.S. 14:108 (resisting an officer). See State v. Huguet, 369 So.2d 1331, 1334 (La.1979)(gravamen of the crime of resisting an officer "remains the intentional obstruction *1244 of an officer acting in his official capacity," i.e., arresting, seizing property, or serving process). These circumstances, which posed a danger to the officers by taking their attention away from the arrest scene, provided Officer Stamp with reasonable grounds to stop respondent. See State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (police need only "some minimal level of objective justification") (internal quotation marks and citations omitted). Office Stamp's recovery of two rocks of crack cocaine, which he immediately recognized through his training and experience, following a pat-down of respondent for safety reasons provided probable cause for his arrest. Minnesota v. Dickerson, 508 U.S. 366, 369-70, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993).