CALOGERO, Chief Justice,
dissenting.
hi dissent from the action of the court in recalling the writ as improvidently granted. The defendant’s pro se writ application was granted, the case briefed, and oral arguments made by the defendant pro se and the district attorney. At this juncture, the case should be decided on the merits. Furthermore, I believe the defendant is entitled to the relief he seeks.
The defendant contends in this court that he did not engage in any behavior that constituted resisting arrest and that he simply acted within his constitutional right to remain silent on behalf of himself and his son in refusing to make a statement or sign any police paperwork. While the evidence presented at trial revealed that the defendant assumed an adversarial relationship with the deputy and verbally opposed the deputy’s efforts to cooperate with the “juvenile arrest” of his son, the defendant, in my view, persuasively argues that his verbal refusals alone, while perhaps ill-advised, did not constitute the criminal offense of resisting arrest.
“In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *1176 (1979)_[T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier j^of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Captville, 448 So.2d 676, 678 (La.1984).
The trial judge, acting as the trier of fact in this case, indicated that he based his decision on Section A of La.' R.S. 14:108. This section provides as follows:
§ 108. Resisting an officer
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
In State v. Daigle, 95-1260 (La.App. 3 Cir. 6/11/97), 701 So.2d 685, a St. Landry Parish Sheriffs Deputy attempted to serve a civil summons but was told by a hostile storekeeper that the intended recipient was not present, although the deputy saw her enter the store and run to the back room. Id., pp. 1-2, 701 So.2d at 685. Another deputy was summoned, and the defendant — storekeeper was arrested for interfering with the deputy’s attempt to serve the summons and subsequently convicted of resisting an officer, in violation of R.S. 14:108. Id., pp. 2-3, 701 So.2d at 686. The defendant challenged the sufficiency of the evidence and the court of appeal reversed the conviction, reasoning that:
[w]e cannot find defendant intentionally interfered with or obstructed the officer because of his “attitude” or Deputy Rivette’s “feeling” that defendant would physically attempt to stop him from going into the back area of the store. Defendant did not take any actual steps in furtherance of obstructing or interfering with Deputy Rivette’s attempt to serve Ms. Bertrand after he identified himself as a law enforcement officer.
Daigle, p. 7, 701 So.2d at 688.
The court further observed that the trial court had concluded that, although the defendant lied to the deputy, he “did not interfere with or obstruct him, in actual consequence, from serving [the intended recipient of the papers].” Id., p. 6, 701 So.2d at 687 (emphasis in original).
^Similarly, the lower courts have found Mr. Davis, who represented himself at trial, guilty of the offense charged simply because he was non-cooperative and failed to follow the officers’ customary procedure for handling juvenile “arrests” for minor offenses. At trial, Sheriff Shumate admitted that he arrested the defendant “because you were resisting an officer when you wouldn’t cooperate with [sic] investigation of your son.” The trial judge justified the conviction as follows:
The Sheriff was unsuccessful in getting [the defendant] to comply with what needed to be done for the children to be taken into custody and then released back to the parents. And so, there was an arrest made.
The court of appeal denied writs, with a reference to La.Ch.C. art. 814,[1] which sets *1177 out the procedure for taking a child into custody without a court order. In the appellate panel’s view, the defendant’s arrest was justified:
[bjecause the officers could not obtain the cooperation of the parents and thus did not obtain the requirement written agreement to “bring the child to court” from the parents, their conduct also resulted in a full-custody arrest for the juveniles, which the statute seeks to avoid.
State v. Davis, 69,927 (La.App.2d Cir.7/13/06).
In my view, the lower courts’ reasoning is unsound, and the evidence presented by the state was insufficient to support the defendant’s conviction. As the Daigle court found, non-cooperation by itself, is not tantamount to a violation of La. R.S. 14:108. Specifically, the court noted:
La. R.S. 14:108(B)(l)(d) does not criminalize the refusal to move or facial displays of hostility when approached by a law enforcement officer unless he is actually obstructed or interfered with in performing his official duties in attempting to effect a lawful arrest, seizure, or 14service of process.
State v. Daigle, 95-1260, p. 6, 701 at 687 (citing State v. Huguet, 369 So.2d 1331 (La.1979), and Melancon v. Trahan, 94-0026 (La.App. 3d Cir.10/5/94), 645 So.2d 722, writ denied, 95-0087 (La.3/10/95); 650 So.2d 1183) (emphasis in original).
In the instance case, the defendant did not physically attempt to stop the deputy or the sheriff from approaching the two boys, who stood outside, within walking distance of the officers. Although the defendant made clear that he would not call his son over to speak with the officers, the deputy admitted that nothing prevented him from forcibly seizing the boys for an arrest as set out in La. Ch.C. art. 814(B)(2). The deputy further stated that he “made no attempt” to summon the boys himself and place them into custody, although he . admitted he could have “reached out and grabbed 'em.” In fact, the two boys were eventually taken into custody after the defendant failed to comply with the deputy’s initial request to summon his son to complete the necessary paperwork. However, it does not follow that the defendant’s refusal to participate in the process should also result in his arrest, particularly when he offered no resistance to his physical arrest or that of his son’s arrest. Like the deputy in Dai-gle, Deputy Hopkins and Sheriff Shumate were faced with nothing more than an uncooperative attitude but, in actual consequence, the officers were able to effectuate the arrests of all four family members without incident. Under these circumstances, I believe the state failed to show an actual obstruction of, or interference with, the “juvenile arrest” of the defendant’s son.
Accordingly, I believe the defendant’s conviction and sentence should be reversed.

. La.Ch.C. art. 814 provides in pertinent part:
B. If a child is taken into custody without a court order or warrant, the officer shall have the responsibility to either:
(1) Counsel and release the child to the care of his parents upon their written promise to bring the child to court at such time as may be fixed by the court.
*1177 (2) Promptly escort the child to the appropriate facility in accordance with Article 815.