129 So.2d 245 (1961)
George W. WELLS, as Administrator, etc., Plaintiff-Appellant,
v.
Irving J. GASPARD et al., Defendants-Appellees.
No. 236.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
Rehearing Denied May 17, 1961.
Ward-Steinman & Crenshaw, by Jack Crenshaw, Alexandria, for plaintiff-appellant.
Polk, Foote & Neblett, by William P. Polk and George Foote, Alexandria, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
The plaintiff, as administrator for his minor son Jimmy, brings suit to recover on the latter's behalf damages from two Pineville police officers arising out of their allegedly false arrest and imprisonment of this boy. Plaintiff appeals from the dismissal of his suit.
As to the law applicable, it is conceded that a citizen may be arrested without a warrant by a police officer for the alleged commission of a misdemeanor only when it has been committed in the officer's presence (LSA-R.S. 15:59, 15:60 (1)); and that in an action for damages by reason of false arrest, since the sole question is whether the detention is under color of legal authority (De Bouchel v. *246 Koss Const. Co., 177 La. 841, 149 So. 496; Cox v. Cashio, La.App. 1 Cir., 96 So.2d 872), the good faith of the person who causes the arrest is not a defense (Barrios v. Yoars, La.App.Orleans, 184 So. 212). It has also been held that a police officer cannot be held for damages, even though subsequently the person arrested be found innocent, if the arrest for a misdemeanor be made when the police officer in good faith has probable cause to believe it is being committed in his presence. Barfield v. Marron, 222 La. 210, 62 So.2d 276. See also Comment, "Tortious Liability for False Imprisonment in Louisiana", 17 Tul.L.Rev. 81 (1942).
The defendant police officers claim that the arrest was lawful because made with reasonable grounds to believe that the plaintiff's son was violating either a municipal ordinance prohibiting "any person under the age of eighteen years [to] loiter on or about the streets or public places of the Town of Pineville, Louisiana, after the hour of 11:00 P.M." or else/also the state vagrancy statute, LSA-R.S. 14:107, which prohibits loitering about public places "without visible or lawful business."
The uncontradicted facts show: The plaintiff's son Jimmy, just over 18, left his home in Pineville at about 11:30 P.M. on Saturday, October 27, 1957, to walk to a theater in Alexandria about a mile away. (He had stayed home to take care of a younger brother until his mother's return at that time.) The defendant police officers saw him as he walked along Pineville's Main Street on the way to Alexandria, but they did not stop him until they saw him about an hour later walking back from Alexandria (after he had found that he was not in time for the "late movie"). Allegedly because of a wave of night burglaries in the business district, the defendant police officers stopped to question the boy.
However, although Jimmy was in fact over 18, and although he states he informed the defendant officers of his correct age when the arrest was made, the latter positively stated that Jimmy told them at the time of the questioning that he was only 17; and the trial court specifically resolved this question of credibility in favor of the police officers. Jimmy was immediately jailed for the night, explaining that he was too shocked to request that his parents be notified.
As the trial court noted, there are several indications somewhat corroborating Jimmy's version of the arrest as a high-handed exercise of authority because at the time of questioning Jimmy did not show sufficient awe of the officers' mistaken assumption that they had the absolute right to determine who could use Pineville's streets at night. Likewise, as parents and citizens we may regret that the officers did not show better judgment than simply to lock up for the night this young boy of good reputation, rather than returning him home to or at least notifying his respectable parents. Further, we agree that the officers could readily have determined Jimmy's correct age and thus that he was not violating the municipal ordinance by inspecting (had they thought about it) his driver's license, which from a previous encounter they should have remembered that he possessed.
However, the question before us is not whether the defendant officers showed extremely bad judgment; it is rather whether their arrest without a warrant was made in bad faith and without probable cause to believe that a misdemeanor was being committed in their presence, so as to subject them to damages. Although able counsel for the plaintiff argues a very strong case to the contrary, we cannot under all the circumstances of the record find that the trial court committed manifest error in accepting the testimony of the police officers that the plaintiff's son told them he was 17 at the time of their interrogation and, consequently, in finding that they had probable cause to believe he was violating a municipal ordinance in their presence, *247 for which misdemeanor they were legally entitled to arrest him without a warrant. Thus no action lies for false arrest or false imprisonment.
For the foregoing reasons, at the cost of the plaintiff-appellant the trial court judgment dismissing this suit is
Affirmed.

On Application for Rehearing.

En Banc. Rehearing denied.
CULPEPPER, J., recused.