822 So.2d 20 (2002)
STATE of Louisiana City of Shreveport, Appellee,
v.
Mary WILSON, Appellant.
No. 35,963-KA.
Court of Appeal of Louisiana, Second Circuit.
June 14, 2002.
*21 English & Lester, by Larry English, Calvin B. Lester, Jr., Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Ramon LaFitte, City Attorney, Terrell J. Myles, Assistant City Attorney, for Appellee.
Before STEWART, GASKINS and DREW, JJ.
STEWART, J.
The defendant, Mary Wilson, was found guilty of resisting an officer, a violation of La. R.S. 14:108, and sentenced by the trial judge to a suspended jail term of 30 days with one year of unsupervised probation and a fine of $100 or 10 days in jail. Finding the evidence insufficient to support the defendant's conviction, we reverse.

FACTS
On January 30, 2001, Carl Richard, a deputy marshal employed by the City of Shreveport, encountered the defendant at her home where he believed property subject to a writ of sequestration to be located. The writ of sequestration, which had been issued on January 3, 2001, in favor of Home Choice Rental, ordered the seizure of certain movable property from Kimberly Wilson ("Kimberly"), whose address was listed on the writ as 3235 Desoto in Shreveport. The defendant is Kimberly's mother. Richard testified that he attempted to execute the writ at the Desoto address but was unable to do so due to the fact that Kimberly no longer resided there. Richard put the writ aside until a new address for Kimberly could be located. Home Choice Rental did not file for a new writ. Instead, Richard explained that it is a courtesy of the city marshal's office to find "serviceable addresses on people for writs of sequestration." Once a new address is obtained, the clerk's office is informed and then a new address is written on the writ.
After being informed by an unnamed collection agency that mail for Kimberly had been forwarded to 834 Navaho Trail, the defendant's address, Richard met with employee's of Home Choice to execute the writ on January 30, 2001. Richard testified that he had encountered the defendant a few days before during the course of a seizure at another address. On the date of the incident in question, Richard was in uniform. He informed the defendant of whom he was and that he had an order to seize property from Kimberly. In response *22 to his asking whether Kimberly resided there, the defendant told Richard that she did not. Richard testified that the defendant admitted that Kimberly received mail there, but the defendant denied this during her testimony. Richard told the defendant that he had a court order to enter her house to check for the furniture. The defendant refused entry and continued to do so as Richard requested entry five or six times. Richard testified that the defendant said "you're not coming in over my dead body." At that point, Richard informed the defendant that she was under arrest. The defendant refused to put her hands behind her back and a struggle ensued during which both the defendant and Richard ended up on the floor. The defendant was taken into custody and charged with battery of a police officer and resisting an officer, violations of La. R.S. 14:32.2 and R.S. 14:108 respectively. Richard also testified that the property was later seized from 2644 Morningside after a family member called with the correct address following the defendant's arrest.
The defendant testified that Kimberly neither lived at her house nor received mail there and that she informed Richard of these facts. She further testified that she refused to allow him entry without a search warrant and that as she turned from the door to call her attorney, Richard "jumped" her.
Following the testimony of Richard and the defendant, the trial judge found the defendant guilty of resisting an officer. The trial judge reasoned that once Richard identified himself and asked the defendant to provide information, the defendant was obligated to provide information. Her failure to do so amounted to resisting an officer. The defendant now appeals her conviction on the basis that the deputy city marshal did not have authority to search her home pursuant to the writ issued against Kimberly Wilson of 3235 Desoto.

DISCUSSION
The issues raised on appeal by the defendant question the sufficiency of the evidence supporting her conviction. The standard of appellate review of a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. While evidence is reviewed favorably in support of the prosecution, we are mindful that it is the duty of the prosecution to prove every element of the crime charged beyond a reasonable doubt. La. R.S. 15:271. Criminal statutes are strictly construed in favor of the accused and must not be extended by analogy or implication to cover acts not expressly proscribed by such statutes. La. R.S. 14:3; Melancon v. Trahan, 94-26 (La.App. 3d Cir.10/5/94), 645 So.2d 722, writ denied, 95-0087 (La.3/10/95), 650 So.2d 1183.
La. R.S. 14:108(A) provides as follows:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
Officer includes city marshals and deputies. La. R.S. 14:108(B)(2). This statute *23 prohibits conduct which obstructs officers acting in their official capacity while attempting to seize property, serve lawful process or make a lawful arrest. State v. Nix, 406 So.2d 1355 (La.1981); State v. Huguet, 369 So.2d 1331 (La.1979). Interference with an officer's investigation is insufficient to establish the offense. Nix, supra.
The prosecution's burden at trial was to show that Richard was acting in his official capacity as a deputy city marshal while authorized to seize property, that the defendant knew or had reason to know that Richard was acting in his official capacity, and that the defendant intentionally interfered with, opposed, resisted, or obstructed Richard in seizing property. The record establishes that Richard was acting in his official capacity as a deputy city marshal and that the defendant knew that Richard was acting in such a capacity. At issue is whether the defendant obstructed, resisted, opposed or interfered with the deputy's seizure of the property subject to the writ of sequestration by not allowing him entrance into her house to search for the property.
Richard testified that he arrested the defendant because she would not let him execute his court order. Richard continued to demand entry into the defendant's home after the defendant informed him in response to his inquiries that Kimberly was not there and did not live there. The arrest occurred because of the defendant's refusal to allow the deputy to search her home for the property to be seized. During redirect examination of Richard, the prosecution elicited testimony that he based his authorization to enter the defendant's home on La. C.C.P. art. 325, which provides in part as follows:
In the execution of a writ, mandate, order, or judgment of a court, the sheriff may enter on the lands, and into the residence or other building, owned or occupied by the judgment debtor or defendant.
This article grants authority to the sheriff, the executive officer of the district court, to enter the lands, residence, or building owned or occupied by the judgment debtor or defendant when executing writs, orders, or judgments. La. R.S. 13:2485.7 grants marshals the same powers and authorities as sheriffs in executing orders and mandates of the court and in making arrests and preserving the peace.
Even though the powers of marshals in executing writs are coextensive with those powers granted sheriffs under La. C.C.P. art. 325, and as such the deputy city marshal had authority to enter the residence of or other building owned or occupied by Kimberly, the writ defendant, there is no showing in this instance that Kimberly either resided at or occupied the defendant's home. Richard's belief that Kimberly may have been residing at or occupying the defendant's home was based on his having obtained information from an unnamed collection agency that Kimberly had mail forwarded to the defendant's address and the fact that the defendant was Kimberly's mother. Under the circumstances of this case, these are not sufficient factors to warrant the deputy's insistence on intruding into the defendant's home after the defendant informed him that Kimberly did not live there and did not receive mail there. There was ample time after Richard and Home Choice learned that Kimberly no longer lived at the Desoto Street address to verify her whereabouts by means other than information from a collection agency. Concerns that the property subject to sequestration might have disappeared in the meantime are certainly alleviated by the fact that they had already waited almost three weeks from the time seizure was first attempted *24 at the Desoto Street address to attempt seizure again.
Article 1, § 5 of the Louisiana Constitution states, "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." Here, Deputy Richard's attempt to search the defendant's home was unreasonable under the specific facts of this case. The record shows that the defendant cooperated with Richard by answering his questions. Because the defendant's home was neither Kimberly's residence nor a building owned or occupied by her, there was no authorization for the deputy marshal to enter the home to search for the property. Moreover, the prosecution came forward with no other basis of authorization for the deputy marshal's entrance into and search of the defendant's home. Because the deputy city marshal had no authorization to enter the defendant's home, the defendant could not be charged with resisting an officer due to her refusal to allow entrance.
As a final point, Richard's presence at the defendant's home can be considered an investigation whereby he was seeking to determine the whereabouts of the property. Strictly construing La. R.S. 14:108 in favor o the defendant, Richard was not, during the course of ascertaining the whereabouts of the property, seizing the property as required by the statute. As noted, interference in an officer's investigation is not sufficient to establish the offense of resisting an officer. State v. Nix, supra; State v. Lindsay, 388 So.2d 781 (La.1980). Accordingly, the defendant's refusal to cooperate in Richard's investigation to the extent of allowing him to search her house does not constitute the crime of resisting an officer. As was established at trial, the property was not at the defendant's home and Richard was not executing the writ by seizing the property at the time of his encounter with the defendant.
Under these facts, we do not find that the defendant's refusal to allow the deputy marshal to enter her home constituted intentional interference, obstruction, opposition, or resistance to his seizure of property. The prosecution did not meet the burden of proving the essential elements of the crime beyond a reasonable doubt. Accordingly, we hereby reverse her conviction for resisting an officer.

CONCLUSION
For the reasons stated herein, the defendant's conviction and sentence are reversed.
REVERSED.
DREW, J., concurs with written reasons.
DREW, J., concurs.
With respect, I disagree with the majority's determination that the deputy was merely "investigating," as opposed to "executing," relative to the seizure.
The deputy certainly acted in good faith. He reasonably believed that the items to be seized could have been in Ms. Wilson's premises and that he had the legal authority to seize them.
Notwithstanding the trial court's statement that neither side was lying, the testimony could not be more contradictory. A definitive credibility call would have been helpful.
This conviction must be reversed because, as the record stands, the evidence falls short of proof beyond a reasonable *25 doubt. I respectfully concur with the majority opinion.