921 So.2d 254 (2006)
Mary WILSON, Plaintiff-Appellant,
v.
The CITY OF SHREVEPORT, Jimmy Dove, in His Capacity as City Marshal, Defendant-Appellee.
No. 40,383-CA.
Court of Appeal of Louisiana, Second Circuit.
February 10, 2006.
*256 Larry English, Shreveport, for Appellant.
Tom N. Thompson, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Plaintiff-Appellant, Mary Wilson, appeals the trial court's denial of her claim for false arrest, battery, and personal injuries arising out of her arrest by a Shreveport City Marshal. We affirm.

FACTS[1]
On January 3, 2001, a Writ of Sequestration was issued in favor of Home Choice and against Kimberly Wilson ("Kimberly"), who then lived at 3235 DeSoto Street in Shreveport, Louisiana. The writ ordered the Shreveport City Marshal to sequester, at the DeSoto Street address, the following items:
 audio component set;
 entertainment cabinet with speakers; and
 large screen projection television.
Deputy City Marshal Carl Richard went to the DeSoto Street address to sequester the property listed on the writ, coming up empty. There, they were informed that:
 Kimberly no longer lived there; and
 the property sought was not there.
Several weeks later, the Marshal's Office was informed that Kimberly and the property in question might be located at 834 Navaho Trail in Shreveport, at the home of her mother, Mary Wilson ("Ms.Wilson"). This conclusion resulted from Home Choice's discovery that Kimberly's mail was forward to her mother's house. Deputy Richard did not apply to the court to seek an order for a new writ of sequestration, nor did he request that the clerk's office issue an amended writ with a new address. Instead, the deputy himself simply scratched out the DeSoto Street address on the writ, writing in its place the Navaho Street address, apparently at that time a common policy of the Shreveport Marshal's Office.
On January 30, 2001, Deputy Richard and two employees[2] of Home Choice went *257 to 834 Navaho Trail to sequester the property listed in the writ. Upon arriving, Deputy Richard indicated to Ms. Wilson that he had a writ to seize the property listed in the writ.
As to what happened next, the testimony of Deputy Richard contrasts substantially with that of Ms. Wilson. Deputy Richard claims that Ms. Wilson immediately began cursing him and attacking him physically. Ms. Wilson, on the other hand, alleges that Deputy Richard wrestled her to the floor as she turned to go contact her attorney.
Ms. Wilson was charged and tried at Shreveport City Court with two crimes:
 simple battery of a police officer, for which she was acquitted; and
 resisting arrest, for which she was convicted. We reversed the criminal conviction.[3]
On January 30, 2003, Ms. Wilson filed a civil suit in First Judicial District Court, seeking damages for her injuries suffered in the altercation with Deputy Marshal Richard. At this civil trial, three witnesses testified:
 Ms. Mary Wilson;
 Deputy Marshal Carl Richard; and
 Mr. Ashwuan Harris, an employee of Home Choice, who was an eyewitness to the disputed interaction.
In a thorough and detailed Findings of Fact and Conclusions of Law, the trial court rejected all of Ms. Wilson's demands against all defendants, determining that:
 Mr. Harris was a reliable witness whose testimony was not impeached;
 The version of this incident given by Mr. Harris was accurate and truthful;
 Ms. Wilson was the aggressor;
 Ms. Wilson did not act in self-defense; and
 Ms. Wilson was at fault for any injuries she may have sustained in this dispute with Deputy Marshal Richard.
We agree with the conclusions of the trial court.

DISCUSSION
It is well settled that a court of appeal may not set aside a trial court's findings of fact in the absence of "manifest error," which in its simplest terms means "clearly wrong." Where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even when the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Because Ms. Wilson was the aggressor and because she committed a battery on the officer, Deputy Richard clearly had probable cause to effectuate the arrest. A law officer's use of force is privileged so long as the force used is not unreasonable or excessive. See Nelson v. City of Shreveport, et al, 40,494 (La.App.2d Cir.1/27/06), 921 So.2d 1111, 2005 WL 3705489.
False imprisonment or arrest occurs when one arrests and restrains another against his will and without statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. Tabora v. City of Kenner, 94-613 *258 (La.App. 5th Cir.1/8/95), 650 So.2d 319, writ denied, 95-0402 (La.3/30/95), 651 So.2d 843. This detention was lawful, because of the aggressive and combative behavior of Ms. Wilson. The trial court concluded that, without legal justification, Ms. Wilson physically attacked Deputy Richard. This unprovoked and belligerent act of physical violence provided Deputy Richard ample probable cause by which to justify making the arrest. Just because Ms. Wilson was ultimately acquitted of all criminal charges does not make the arrest illegal. The burden for an arrest is probable cause, or its identical twin sister, "reasonable cause to believe," as reflected in La. C. Cr. P. art. 213.
Whether the force used is reasonable depends on the totality of the facts and circumstances in each case. The degree of force employed is a factual issue, and the trial court's factual findings are entitled to great weight. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977), Harris v. Carter, 33,951 (La.App.2d Cir.10/04/00), 768 So.2d 827; Evans v. Hawley, 559 So.2d 500 (La.App. 2d Cir. 1990).
Factors to be considered in making a determination of whether the force used was reasonable under the circumstances include: the known character of the arrestee; the risks and dangers faced by the officer; the nature of the offense or behavior involved; the chance of escape if the particular means are not employed; the existence of alternative methods of arrest or subduing the arrestee; the physical size, strength and weaponry of the officers as compared to that of the arrestee; and the exigencies of the moment. Kyle, supra; Evans, supra. One of the factors taken into consideration when determining whether a police officer used reasonable or unreasonable force is whether the plaintiff was intoxicated, belligerent, offensive, or uncooperative. See Crawford v. Maryland Casualty Co., 169 So.2d 612 (La.App. 2d Cir.1964). See Nelson v. City of Shreveport, supra.
Our holding in State v. Williams, 567 So.2d 755, 757 (La.App. 2d Cir.1990), writ denied, 573 So.2d 1133 (1991), is helpful in this inquiry: "Although more than mere suspicion is needed, the measure of probable cause to arrest does not require that a police officer have proof sufficient to convict."
Deputy Richard's procedural efforts in seeking to sequester this property were flawed legally. This conclusion, however, does not in any way justify or excuse Ms. Wilson's attack on the officer.
The district court civil trial testimony of Ms. Wilson differed radically from her testimony in the city court criminal trial. She impeached herself.
Deputy Marshal Richard also provided additional information in the civil trial about which he wasn't asked in the criminal trial.
These two people could not have disagreed more about what happened. The primary difference, however, between the overall city court criminal case testimony and the overall district court civil case testimony is that the district court civil trial included testimony of Ashwuan Harris, an eyewitness to what transpired between these two people. The trial court found that:
 Harris was believable;
 Harris was not impeached in any way; and
 his version supports that of Deputy Marshal Richard.
Harris testified that:
 he smelled alcohol on Ms. Wilson's breath when she came to the door;

*259  she began verbally abusing Deputy Richard; and
 she physically attacked him from behind and reached for Richard's gun.
The trial court, in its very thorough Findings of Fact and Conclusions of Law, concludes that Deputy Marshal Richard breached no duty to Ms. Wilson. This finding was not clearly wrong. We agree with the learned trial court that Ms. Wilson was the aggressor and that she is solely responsible for her injuries. Further, we find that the measured force used on Ms. Wilson by Deputy Richard was a reasonable response to her unprovoked, aggressive, and inexcusable behavior.

CONCLUSION
Based on the above and foregoing, we AFFIRM the decision of the trial court in all respects.
AFFIRMED.
STEWART, J., dissenting.
The majority goes to great lengths to ignore the facts and years of jurisprudence regarding false arrest and illegal search and seizure; therefore, I must respectfully dissent.
The majority states that "this detention was lawful, because of the aggressive and combative behavior of Ms. Wilson." However, this statement ignores the fact that Deputy Richard was at Mary Wilson's home attempting to execute an illegal search and seizure. We cannot ignore the fact that the writ of seizure was for Kimberly Wilson's home and certain items alleged to be in her possession. (Emphasis added). The writ of seizure was amended, not by order of the court, but by Deputy Richard in his own discretion. At a minimum, this was an abuse of his powers to execute the writ of seizure. Our constitution demands that officers of the law obtain proper warrants or writs of seizure from the court before intruding into the lives of citizens. If the Constitution is an inconvenience to police officers in executing their duties, then they should consult the legislature for an amendment.
Since writ of seizure was improper, it is axiomatic that any action based upon defective documents are illegal as well. I am aware of no law that requires a citizen to be compliant when an officer, acting under color of statutory authority, breaks the law he is supposed to enforce. Further, under the majority's reasoning, a company seeking to recover items from a delinquent customer has unfettered discretion to search the homes of any family member or anyone else connected to their customer provided they tell the officer executing a writ of seizure that they "heard" the sought items can be found somewhere other than the address stated on the writ.
Unfortunately, the majority places a higher burden on Ms. Wilson than Deputy Richard. This is simply unconscionable. I cannot understand how the majority supports the conclusion that Deputy Richard breached no duty to Ms. Wilson. The majority seems to suggest that Deputy Richard owed no duty to Ms. Wilson. (Emphasis added). The only behavior that was inexcusable was Deputy Richard's ad hoc amendment to a valid writ of seizure, attempt to execute an illegal search and seizure, and his arrest of Ms. Wilson because she refused to comply with his illegal actions. Simply stated, Ms. Wilson was proper in resisting Deputy Richard's illegal intrusion into her home. Consequently, I am compelled to dissent.
NOTES
[1] The facts of the Shreveport City Court criminal trial are more fully outlined in State v. Wilson, 35,963 (La.App.2d Cir.6/14/02), 822 So.2d 20 (Drew, concurring).
[2] One of the representatives, Ashwuan Harris, testified at the district court civil trial; he did not testify at the city court criminal trial. The other Home Choice representative at the scene had apparently moved out of state, and did not testify in either proceeding.
[3] State v. Wilson, supra.