NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1390

MALCOLM BRASSEAUX

VERSUS

TOWN OF CHURCH POINT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 78,160
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.

AFFIRMED.

SAUNDERS, J., concurs and assigns reasons.

Homer Ed Barousse, Jr.
Barousse & Craton
P.O. Box 1305
Crowley, LA 70527-0730
Counsel for Defendants-Appellees:
    Kenneth Goss, Individually and in his Official
    Capacity as Sheriff of Acadia Parish;
    Dale Thibodeaux, Individually and in his
    Official Capacity as a Deputy Sheriff of the Acadia
    Parish Sheriff's Department; and
    the Acadia Parish Sheriff's Department

Jeff R. Rytlewski
Skylar J. Comeaux
Law Offices of Jeff R. Rytlewski
345 Doucet Road, Suite 104A
Lafayette, LA 70503
Counsel for Defendants-Appellees:
Town of Church Point, Scott Vige, Carl Thibodeaux,
Michael Malbrough, Alexis Jagneaux, Jr.,
Gary Duplechin, Carl Daigle, Errol Comeaux,
Roger Boudreaux, and Charles Randolph Keller

Malcolm Brasseaux
Attorney at Law
202 West Plaquemine Street
Church Point, LA 70525
Counsel for Plaintiff-Appellant:
Malcolm Brasseaux (In Proper Person)

**PAINTER, Judge.**

Plaintiff, Malcolm Brasseaux, appeals the trial court's ruling in favor of Defendants, Town of Church Point, Scott Vige, Carl Thibodeaux, Michael Malbrough, Alexis Jagneaux, Jr., Gary Duplechin, Carl Daigle, Errol Comeaux, Roger Boudreaux, Charles Randolph Keller, Kenneth Goss, Individually and in his Official Capacity as Sheriff of Acadia Parish, Dale Thibodeaux, Individually and in his Official Capacity as a Deputy Sheriff of the Acadia Parish Sheriff's Department, and the Acadia Parish Sheriff's Department. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an attorney licensed to practice in the State of Louisiana. He filed suit against numerous defendants, alleging false arrest, wrongful imprisonment, negligent arrest, malicious prosecution, and intentional infliction of emotional distress. The suit arose out of an incident occurring on December 24, 2000. On the afternoon of December 24, 2000, Plaintiff lit what he terms a "recreational fire" in the yard of his home[1], which is within the corporate limits of the Town of Church Point. About an hour after the fire was started, Officer Scott Vige of the Church Point Police Department, who was on routine patrol, noticed that Plaintiff was burning debris in a large, open fire which, in Officer Vige's opinion, might pose a threat to property or life in Church Point. Officer Vige parked his patrol vehicle and approached Plaintiff. He informed Plaintiff that there was an ordinance which prohibited the burning of the fire within the municipal limits of the Town of Church Point and instructed him to extinguish the fire. Officer Vige testified that he had reviewed the ordinance in question a few hours prior to the incident in question because he had received a complaint relative to a fire on another street across town from Plaintiff's property.

---

[1]Plaintiff's property consists of approximately six acres and contains his office, two mobile homes, and another large building.

1

Plaintiff told Officer Vige that he was familiar with the ordinance but did not believe that he was in violation thereof, and he refused to put out the fire. By Plaintiff's own admission, he told Officer Vige that if the fire was put out, he would probably light it again. Officer Vige left the scene, and sometime later, Officer Lisa Richard arrived and asked Plaintiff to extinguish the fire. Plaintiff again refused and told the officer to get off his property or he would "kick her butt." In Plaintiff's own words: "I don't remember the exact words but it probably got a little rough." After that, according to Plaintiff, "there were surely fifteen people besides myself around that fire" because several firemen and other police officers arrived on the scene. Around 4:30 p.m., approximately three hours after the fire was lit, a fireman extinguished the fire, and Officer Vige placed Plaintiff under arrest and handcuffed him. Plaintiff testified that he was asked "probably 25 times" to put out the fire before he was arrested. According to Plaintiff, he made some remark to Officer Vige to the effect that "he was going to pay for that, for what he was doing to me." Plaintiff contends that at that point, Deputy Dale Thibodeaux grabbed his arm and threw him into a patrol car with a police dog and took him to the police station, which was about three to four blocks away. When they arrived at the police station, Plaintiff alleges that Deputy Thibodeaux yanked him out of the patrol car and shoved him into a chair. Plaintiff also alleges that Deputy Thibodeaux threatened him.

Plaintiff was charged with various offenses[2] related to the December 24, 2000 incident. He was convicted in magistrate court and took an appeal to the district court where he was acquitted on all charges. Plaintiff then filed the instant suit. Defendants specifically pled the affirmative defense of qualified immunity from suit.

_____

[2]Plaintiff was charged with the following: (1) having an open uncontained fire within the corporate limits of Church Point (Ordinance Section 10-1), (2) resisting an officer (La.R.S. 14:108), (3) threatening a public official (La.R.S. 14:122.2), (4) interfering with the duties of an officer (La.$.S. 14:108), (5) interfering with the duties of a fire official (La.R.S. 14:324(A)), (6) misrepresentation during booking (La.R.S. 14:133.2).

Following a bench trial, the trial court found in favor of all Defendants. Specifically, the trial court found that there was no evidence presented that the Church Point Police Department acted outside of an ordinance and that the Sheriff's Department had nothing to do with the initial arrest. The trial court further found that Plaintiff could not carry his burden of proof relative to the excessive force claim. As a result, all of Plaintiff's claims were dismissed with prejudice. Plaintiff now appeals, alleging that the trial court erred in finding that no actionable wrong was committed by any Defendant, in finding that Plaintiff suffered no damages, and in dismissing all of Plaintiff's claims. For the following reasons, we affirm.

## DISCUSSION

We first consider Plaintiff's claims for false arrest, false imprisonment, and negligent arrest. The Louisiana Supreme Court, in *Kennedy v. Sheriff of East Baton Rouge*, 05-1418, p. 32 (La. 7/10/06), 935 So.2d 669, 690, stated:

> Wrongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority. *Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977). The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. *Tabora v. City of Kenner*, 94-613, p. 8 (La.App. 5 Cir. 1/8/95), 650 So.2d 319, 322, *writ denied*, 95-0402 (La.3/30/95), 651 So.2d 843.

However,

> if police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest and imprisonment. The law exempts the officers from liability even if the statute upon which they rely is later declared unconstitutional as long as the officers reasonably believed it valid at the time they acted.

*Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La.1977) (citations omitted).

In this case, we note, as did the trial court, that Plaintiff did not introduce a copy of the ordinance in question into evidence. Whether or not we take judicial notice of the contents of the ordinance is of no consequence, because we find that this

arrest was lawful under La.Code Crim.P. art. 213(A), which provides that a police officer may immediately arrest a person without a warrant when an misdemeanor offense has been committed in the officer's presence by that person. The fact that Plaintiff was ultimately acquitted of all criminal charges does not make the arrest illegal or without probable cause, and Plaintiff cannot rest solely on his acquittal of criminal charges to support the assertion that there was no probable cause for the arrest. *See Wilson v. City of Shreveport*, 40,383 (La.App. 2 Cir. 2/10/06), 921 So.2d 254, *writ denied*, 06-509 (La. 5/5/06), 927 So.2d 321, and *Merritt v. City of Oakdale*, 01-1533 (La.App. 3 Cir. 5/15/02), 817 So.2d 487. Thus, we hold that Plaintiff is barred from recovering damages for false arrest and imprisonment and find no error in the trial court's finding that no Defendant committed an actionable wrong or in the dismissal of all Plaintiff's claims in this respect.

Next, we consider Plaintiff's claim for malicious prosecution. The law in this respect has been succinctly stated by the first circuit in *Ferrant v. Parish of Tangipahoa ex rel. Coroner's Office*, 01-2278, pp. 4-5 (La.App. 1 Cir. 6/21/02), 822 So.2d 118, 120, as follows:

> Although the tort of malicious prosecution has been recognized in Louisiana, "[a]ctions of this sort have never been favored, and, in order to sustain them, a clear case must be established, ..." *Johnson v. Pearce*, 313 So.2d 812, 816 (La.1975). In an action for malicious prosecution, plaintiff must prove the following elements:
>
> > (1) The commencement or continuance of an original criminal or civil judicial proceeding.
> >
> > (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
> >
> > (3) Its bona fide termination in favor of the present plaintiff.
> >
> > (4) The absence of probable cause for such proceeding.
> >
> > (5) The presence of malice therein.

4

(6) Damage conforming to legal standards resulting to plaintiff.

*Johnson v. Pearce*, 313 So.2d at 816.

>    Plaintiff must prove not only malice but show there was no probable cause. "Probable cause does not depend upon the *actual state of the case in point* of fact, but on the honest and reasonable belief of the party prosecuting." (Emphasis added. Citations omitted.) *Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass'n of New Orleans, Inc.*, 195 La. 347, 353, 196 So. 554, 556 (La.1940). *Also see Craig v. Carter*, 30,625, pp. 6-7 (La.App. 2 Cir. 9/23/98), 718 So.2d 1068, 1072-1073, *writ denied*, 98-2698 (La.12/19/98), 734 So.2d 636. If an accusation is based on probable cause there is no liability even if there was malicious motive. *Kenner v. Milner*, 187 So. 309, 311 (La.App. 1 Cir.1939).

As stated above, Plaintiff failed to bear his burden of proving that his arrest was unlawful. Therefore, his claim for malicious prosecution also falls. We thus find no error in the trial court's dismissal of this claim.

With regard to Plaintiff's claim that excessive force was used by the police officers, we note that: "Whether the force used is reasonable depends on the totality of the facts and circumstances in each case. The degree of force employed is a factual issue, and the trial court's factual findings are entitled to great weight." *Wilson*, 921 So.2d at 258. One factor to be considered in the totality of the circumstances is the behavior of the arrestee; i.e., whether he was intoxicated, belligerent, offensive, or uncooperative. *See Wilson*, 921 So.2d 254.

Officers Vige and Richard and Chief of Police Albert Venable testified at trial. Officer Vige testified that he recalled a "little resistance" on the part of Plaintiff in being escorted to the police car after the arrest. Officer Vige stated that his response to the resistance was to "pull [Plaintiff] a little farther so I could get [Plaintiff] to go in the direction I wanted. . ., which was towards the car." Officer Vige further testified that after Deputy Thibodeaux took over, he noticed that Deputy Thibodeaux was holding Plaintiff by the arm but that he never saw Deputy Thibodeaux touch any other parts of Plaintiff's body or jerk Plaintiff's arms up. It was Officer Vige's

testimony that he never saw Deputy Thibodeaux do anything to cause injury or pain to Plaintiff. Officer Vige did testify that he heard Deputy Thibodeaux use "angry words" but that he did not know what was said and that he did not see Deputy Thibodeaux point his finger in Plaintiff's face as Plaintiff claimed.

Officer Richard gave no testimony concerning the handling of Plaintiff after his arrest. She testified only that the fire was big, that she was attempting to enforce an ordinance against burning in the city limits, and that she believed the fire was big enough to present a potential danger to other property.

Chief of Police Venable testified that he was not present during the arrest, transport, or booking of Plaintiff. He further testified that he did not find anything Officer Vige did in connection with the handling of the incident in question to be inappropriate.

Only Plaintiff's self-serving testimony was presented in his attempt to establish his claim of excessive force. The trial court decided to accept Officer Vige's account of the incident. We find no manifest error in this decision; therefore, we affirm the trial court's dismissal of Plaintiff's claim of excessive force.

Finally, we consider Plaintiff's claim for intentional infliction of emotional distress. In *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991), the court stated:

> [I]n order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

Plaintiff presented no evidence to support this claim. We agree with the trial court's finding that Plaintiff failed to carry his burden of proving any harm caused by the alleged excessive force. Therefore, we find no error in the trial court's dismissal of Plaintiff's claim for intentional infliction of emotional distress.

6

**DECREE**

For all of the foregoing reasons, we find that Plaintiff failed to meet his burden of proving his claims of false arrest, wrongful imprisonment, negligent arrest, malicious prosecution, and intentional infliction of emotional distress. Thus, the judgment of the trial court dismissing all of Plaintiff's claims is affirmed in its entirety. Costs of this appeal are assessed to Plaintiff-Appellant, Malcolm Brasseaux.

**AFFIRMED.**

NUMBER CA 06-1390

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MALCOLM BRASSEAUX

VERSUS

TOWN OF CHURCH POINT, ET AL.

SAUNDERS, J., concurs.

I agree with the result reached by the majority. However, I feel that it would be prudent to take judicial notice, pursuant to La.Code Evid. art 202B(1)(c), of the city ordinance provided to us, both physically, and by citation, at oral argument by Mr. Brasseaux. I suggest this because La.Code Evid. art. 202(B)(1) states, in pertinent part:

> **B. Other legal matters.** (1) A court shall take judicial notice of the following if a party requests it and provides the court with *the information needed by it to comply with the request*, and may take judicial notice without request of a party of:
> . . .
> (c) Ordinances enacted by any political subdivision of the State of Louisiana.

(Emphasis added)

It would appear that this article suggests that taking judicial notice of the ordinance is mandatory in that a party has requested us to do so, and has also provided us with a copy of the ordinance as well as a citation to the ordinance, which is located in Chapter 10, Article I, Section 10-1 of the Town of Church Point City Ordinances, thereby providing the court with the information needed to comply with the request. This being said, the ordinance restricting trash fires, which has been

provided to us, reads as follows:

> **Sec. 10-1.  Trash fires restricted.**
>
> (a) It shall be unlawful for any person to start or set any trash fire or to burn paper, grass, trash or debris where such fire is not protected by an approved incinerator, similar to that of the American Insurance Association, marked P-1, within the municipality limits.
>
> (b) Whoever starts or sets a trash fire within the municipal limits without protection by a proper incinerator shall be punished as provided in section 1-8 of this Code.

While Plaintiff argues that the ordinance, as written, is not applicable to the type of fire that he was burning, it seems clear that his fire was not protected by an approved incinerator and contained at least a minimal amount of paper, as well as fallen tree limbs, which could, at least, arguably be considered debris.  Therefore, the decision of the trial court seems to fall squarely within the ruling set forth in *Wells v. Gaspard,*, 61-236 (La.App. 3 Cir. 1961),129 So.2d 245, 245-246. The *Wells* court stated:

> As to the applicable law, it is conceded that a citizen may be arrested without a warrant by a police officer for the alleged commission of a misdemeanor only when it has been committed in the officer's presence (LSA-R.S. 15:59, 15:60(1)); and that in an action for damages by reason of the false arrest since the sole question is whether the detention is under color of legal authority ... It has also been held that a police officer cannot be held liable for damages, even though subsequently the person arrested be found innocent, if the arrest for a misdemeanor be made when the police officer in good faith has probable cause to believe it is being committed in his presence.
> (Citations Omitted.)

It seems clear that the officers in this case were acting under the color of legal authority, as they had good faith and probable cause to believe that the ordinance was being violated.  Accordingly, there is no error in the trial court's ruling, and I concur with the majority opinion.