STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1459


LOUISE GASPARD

VERSUS

IBERIA BANK


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 103705
HONORABLE KEITH JULES COMEAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**

**Edward C. Abell, Jr.**
**Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**Counsel for Defendant/Appellee:**
**Iberia Bank**

**Stephen Francis Mestayer**
**Attorney at Law**
**P. O. Box 12340**
**New Iberia, LA 70562-2340**
**(337) 365-8181**
**Counsel for Defendants/Appellees:**
**Michael Comeaux**
**Mary E.D. Comeaux**
**Donald R. Comeaux**
**Cathy M.C. Koch**
**Mary B.C. Winmill**

**Lucretia Patrice Pecantte**
**Pecantte-Burton & Burton**
**P. O. Box 13738**
**New Iberia, LA 70562-3738**
**(337) 367-1779**
**Counsel for Plaintiff/Appellant:**
**Louise Gaspard**

**EZELL, JUDGE.**

This case deals with the same facts and issues as set out in *Succession of Comeaux*, 06-1454 (La.App. 3 Cir. __/__/07), ___So.2d ___. In this matter, Louise Comeaux Gaspard (Louise) appeals the decision of the trial court granting summary judgment in favor of Iberia Bank dismissing her claims relating to a certificate of deposit. For the following reasons, we affirm the decision of the trial court.

Ray Comeaux, Louise's father, was diagnosed with terminal cancer in December of 2003. On January 18, 2004, Ray Comeaux confected an olographic will bequeathing five certificates of deposit (CD) to four of his children and one grandchild. The CDs were all issued through Iberia Bank in New Iberia. The total value of all five CDs was roughly $68,000. Three of these CDs were made payable to him or the individual child listed on the CD, two were payable upon death. The CD bequeathed to Louise, worth roughly $40,000, was payable on death.

In April of 2004, Ray Comeaux, who was bed-ridden at the time, asked two of his sons, Michael and Rodney, to close out the CDs and place the proceeds into a checking account for the benefit of his wife, Betty. In accordance with their father's wishes, Michael and Rodney went to Iberia Bank to redeem the CDs. There, Connie Bourque, an officer at Iberia Bank, told them that because their particular CDs were made out in their father's or their names, they could sign and redeem their own CDs. However, Ray Comeaux would have to sign each remaining CD before redemption was possible.

Michael and Rodney returned to their father's home, gave him the remaining CDs, and explained to him that the CDs needed to be endorsed. Ray Comeaux then told Michael to have Betty sign his name for him, as he was physically unable to do so. Michael, Rodney, and Betty were all in the room with Ray Comeaux when this

1

request was made, and all four were present when Betty signed the documents for her husband. Michael and Rodney went back to Iberia Bank, where all five CDs were redeemed, and the proceeds were placed into a checking account. Ray Comeaux died in June of 2004.

After her father's death, Louise went to Iberia Bank to try to redeem the CD. When she was unable, she filed the present action, claiming that Iberia Bank was negligent in allowing someone other than her father to redeem the CD and that the bank's negligence caused her damages in the previous amount of the CD. Iberia Bank filed a motion for summary judgment which was granted. From this decision, Louise appeals.

On appeal, Louise asserts as her sole assignment of error that the trial court erred in granting summary judgment in favor of Iberia Bank. We disagree.

> Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La.7/6/04), 880 So.2d 1. The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Richard v. Hall*, 03-1488 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. *Id*. This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago,* 03-1424 (La.4/14/04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id*.

*Champagne v. Ward*, 03-3211, pp. 4-5 (La.1/19/05), 893 So.2d 773, 776-77.

As in *Succession of Comeaux*, 06-1454 (La.App. 3 Cir. __/__/07), ___So.2d ___, Louise has failed to show any proof whatsoever that Iberia Bank was negligent

2

in its actions. To the contrary, the bank and the Comeauxs have established that Ray Comeaux's wishes were carried out as he intended - that the CDs be redeemed so that his wife, Betty Comeaux, could have access to the funds to live off of after her husband died. While Ray Comeaux did not sign the CDs himself, he directed his wife to do so through his son. She heard this request and fulfilled it in the presence of Ray Comeaux. "Where a person's name is signed for him at his direction and in his presence by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself." *See Elmore v. Butler,* 169 So.2d 717 (La.App. 2 Cir. 1964); *Coats v. Guaranty Bank & Trust Co.*, 174 La. 503, 141 So. 41 (1932). Accordingly, the CD at issue was properly endorsed, and Iberia Bank committed no negligence in redeeming it.

Furthermore, the CD left to Louise was in her father's name, payable to her only upon his death. In *Broussard v. Broussard*, 340 So.2d 1309 (La.1976), the supreme court held that the purchase of CDs in the name of a husband and his wife did not effect a manual gift to the wife because there was no actual withdrawal or delivery of the funds. Merely placing two names on the investment certificates did not, either constructively or actually, transfer the funds. *Id.* (*citing Succession of Grubbs*, 170 So.2d 256 (La.App. 2 Cir.1964), *writ denied*, 247 La. 409, 171 So.2d 666 (1965)). Likewise, in the instant case there was no delivery or transfer of the funds to Louise by the placing of her name upon the CD in question. She simply was not the owner of the money in the CD. The money belonged to Ray Comeaux until he died, and he could do with it as he pleased. He chose to give the money to his wife rather than to his daughter. She was merely a prospective legatee. When Ray Comeaux decided to cash in the CD, Louise's legacy no longer existed. She has no right to make a claim against Iberia Bank for the value of the CD, as she was never

3

its owner.

For the above reasons, the decision of the trial court granting summary judgment in favor of Iberia Bank is hereby affirmed. Costs of this appeal are assessed against Mrs. Gaspard.

**AFFIRMED.**